HENRY MINDLIN and LOUIS ROSENMAN, Copartners, Trading under the Firm Name and Style of MINDLIN & ROSENMAN, Appellants, v. MEYER DORFMAN, Respondent.

First Department, July 1, 1921.

**Evidence — admission by party against interest may be proven without warning.**

It is one of the elementary principles of the law of evidence that the statements of a party as to any fact in issue, or relevant to any issue, are admissible as primary evidence against the person by whom they are

made and it is not necessary, as preliminary to the introduction of such evidence, to ask the party, while on the stand, whether he had made the statements about to be offered as a self-contradiction.

DOWLING, J., dissents.

APPEAL by the plaintiffs, Henry Mindlin and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of November, 1920, upon the verdict of a jury, and also from an order, entered in said clerk's office on the same day, denying plaintiffs' motion for a new trial made upon the minutes.

*Herman Glasser,* for the appellants.

*Arthur Hutter* of counsel [*Kornblueh & Hutter,* attorneys], for the respondent.

PAGE, J.:

The jury rendered a verdict for the defendant, on conflicting evidence. In the course of the trial, after the defendant had given testimony, a witness for the plaintiffs testified that at a certain time and place he had a conversation with the defendant. He was asked, " What was that conversation? " It was objected to as immaterial, irrelevant and incompetent. The plaintiffs' counsel then stated, " I propose to prove an admission against interest." Defendant's counsel said, " But Mr. Dorfman's attention ought to have been called to this." The plaintiffs' counsel then asked the witness, " Did you have any conversation with the defendant regarding the matters in dispute here? " Receiving an affirmative answer he asked, " What was that conversation? " Defendant's counsel said, " The same objection. Mr. Dorfman was on the stand and he could have questioned him about this alleged conversation if he wanted to rebut it." The objection was sustained and plaintiffs' counsel excepted.

The question called for an admission against interest made by a party relating to the matters in dispute. It is one of the elementary principles of the law of evidence that the statements of a party as to any fact in issue, or relevant to any issue, are admissible as primary evidence against the

person by whom they are made. " The rule requiring that the witness must have been warned when on the stand and asked whether he had made the statement about to be offered as a self-contradiction, has always been understood not to be applicable to the use of a party's admissions, *i. e.*, they may be offered without a prior warning to the party." (Wigm. Ev. §§ 1048, 1051.) The reason for the difference in the rule relating to witnesses and parties is that the only object of requiring the warning is to provide a fair opportunity of explanation before the witnesses' departure, whereas a party is in theory present during the trial, and has in fact ample opportunity to protect himself by taking the stand for any explanations which he may deem necessary after hearing the testimony of his alleged admissions. (Id. § 1051.) The learned trial justice erred in excluding the evidence for the reason assigned.

An admission of a party not alone tends to affect the credibility of his testimony, but also the *bona fides* of his entire case. For unless he can show that it was not made, intended or correctly understood, in so far as it affects his liability he is bound by it. (*Raabe* v. *Squier*, 148 N. Y. 81, 86.) The fact that the admission was against the interest of the party making it adds to its probative value. The exclusion of this testimony was, therefore, prejudicial error and requires a reversal of the judgment.

The judgment and order will, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., SMITH and GREENBAUM, JJ., concur; DOWLING, J., dissents.

Judgment and order reversed and new trial ordered, with costs to appellants to abide event.