LORENZO ARICO, Respondent, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Order of Appellate Term affirming judgment of the Municipal Court and said judgment reversed on the law and the facts and a new

trial ordered in the Municipal Court, costs to abide the event. The loss of one arm by an accident does not of itself establish such permanent disability so that the plaintiff " is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value * * *." We are of opinion that a fair interpretation of the policy means, in the circumstances, plaintiff's inability to carry on the occupation in which he had been trained and worked during all his working life, namely, that of a worker at a macaroni mixing machine, or employment in work of the same general character where he may be gainfully employed in an occupation reasonably comparable in type and remuneration to that in which he was employed at the time of the accident. (See *Foglesong* v. *Modern Brotherhood of America*, 121 Mo. App. 548.) But the plaintiff's proof fell short of showing the nature of the machine, its workings, and the necessity for the use of both hands in its operation, or his ability to find employment and engage in other work of a similar nature as above stated. We are, therefore, constrained to order a new trial, when the facts may be more fully developed. Doubts arising from the language used in the policy must be interpreted most strongly against the insurer, for it had the opportunity to define with exactness just what was meant by permanent disability and to give notice to the insured, by the words of the policy, that he must be practically helpless in order that he might recover, if that was the purpose of the insurer in that respect. Lazansky, P. J., Kapper and Davis, JJ., concur; Young and Hagarty, JJ., dissent and vote for affirmance.