Louis Katsch, Plaintiff, *v.* Metropolitan Life Insurance Company, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, June 29, 1934.

*Harris Jay Griston* [*George C. Baron* of counsel], for the plaintiff.

*Tanner, Sillocks & Friend* [*Charles B. LaVoe* of counsel], for the defendant.

Prince, J.  On the question of what shall be deemed a fair interpretation of the provision of the policy on which plaintiff predicates his cause of action, I find myself in accord with a case in point (*Arico* v. *Prudential Insurance Company of America* (241 App. Div. 826), wherein the court said: " We are of opinion that a fair interpretation of the policy means, in the circumstances, plaintiff's inability to carry on the occupation in which he had been trained and worked during all his working life, namely, that of a worker at a macaroni mixing machine, or employment in work of the same general character where he may be gainfully employed in an occupation reasonably comparable in type and remuneration to that in which he was employed at the time of the accident. (See *Foglesong* v. *Modern Brotherhood of America*, 121 Mo. App. 548.) "

The evidence establishes without a doubt that the plaintiff, because of an injury to his arm resulting in two broken bones, finds himself unable to use the arm at all without suffering severe pain.  The evidence further satisfies me that any attempt to use the injured arm results in premature fatigue and has a paralyzing effect upon it, and that the working capacity of the arm has been so reduced, in the force with which plaintiff is able to exert with it, as to render it practically useless for remunerative employment

of the character which plaintiff had been able to obtain before the accident. It is apparent that a laborer following his usual vocation needs both of his hands and arms, for without the use of both he can no longer engage in labor. The plaintiff was a laborer, to wit, a plumber's helper. The present condition of his arm is permanent as evidenced by a reading of the X-ray pictures and the medical testimony adduced at the trial. I, therefore, find that the plaintiff is totally and permanently disabled and as he is unable " in the exercise of ordinary or common care and prudence, to transact or perform the substantial and material acts necessary to the performance of the duties of each and all of his occupations." (*Metropolitan Life Insurance Co.* v. *Bovello,* 12 F. [2d] 810, 811.)

Judgment for the plaintiff; ten days stay.