HERMAN J. GARMS, Appellant, Respondent, *v.* THE TRAVELERS INSURANCE COMPANY, Respondent, Appellant.*

First Department, July 3, 1934.

*Howard L. Kuttner,* for the plaintiff.

*William B. Crowell* of counsel [*William J. Moran,* attorney], for the defendant.

MARTIN, J.   On May 8, 1924, the defendant issued to the plaintiff a policy of accident insurance which was renewable from year to year and which provided that the defendant would pay to the

* Affd., 266 N. Y. ——.

plaintiff certain stated benefits should the plaintiff be disabled within the meaning of the policy and under the circumstances set forth therein.

On June 11, 1925, a policy of life insurance was issued by the defendant to the plaintiff, containing a provision entitling the plaintiff to a disability income.

The plaintiff met with a serious injury and demanded payment under the above policies. The demand having been refused, an action was commenced on both policies.

The complaint contains two causes of action. The first cause of action was dismissed and the second cause of action was sent to the jury with the result that there was a verdict for the plaintiff. The plaintiff appeals from the dismissal of the first cause of action at the close of the plaintiff's case. The defendant appeals from the judgment in favor of the plaintiff on the second cause of action.

To recover on the first policy, plaintiff was required to prove that the accidental injury to his left hand and arm wholly and continuously disabled him from performing " any and every kind of duty pertaining to his occupation." Two specific occupations had been enumerated by him when he applied for the policy, namely, " Manager The Wonder Wheel Corporation — Supervising Manager Bohacks Grocery Store — Supervising Duties." His contention is that while he is not wholly disabled from performing every known occupation, he is prevented from performing the occupations covered by the policy, and that the defendant agreed under this policy that it would compensate him in case of such disability.

The testimony of the plaintiff and his witness, a doctor, who described the injury, established that plaintiff was not wholly disabled; that his left hand was ninety per cent disabled; that the injuries to his left hand and arm wholly and continuously disabled the plaintiff from the date of the accident to such an extent as to prevent him from performing any duties of a supervising character as described in the policy.

It is clear upon the testimony submitted that it was for the jury to say whether this plaintiff was able to perform such work. If the jury reached the conclusion that he was able to do so, the defendant would be entitled to a verdict. On the other hand, if the jury reached the conclusion that the plaintiff was not able to perform that work, he was entitled to recover the amount agreed upon in the policy.

The second policy sued upon presents an entirely different question. The insurance company is not liable unless there be proof that the insured had been " wholly disabled by bodily injuries

or disease and will be continuously and wholly prevented thereby for life from engaging in *any* occupation or employment for wage or profit."

The trial court sent this question to the jury, and a verdict was rendered for plaintiff. To prove the second cause of action it was necessary for plaintiff to show that he had sustained bodily injuries as a result of which he would thereafter be prevented, for life, from engaging in any occupation or employment for wage or profit.

The testimony of the witnesses for the plaintiff clearly established that he was not suffering from any injury which would prevent him from working in many employments. Although the injury might prevent him from working at some special employments, there were numerous positions which he might fill without any difficulty. The testimony of the plaintiff's doctor met this situation. Dr. G. J. Mehler testified for the plaintiff as follows: " Q. Based on your experience and on your examination of the man, would you consider him in your opinion wholly and continuously disabled for life from engaging in any occupation? A. No, sir. Q. Would you consider him to be wholly and continuously disabled from engaging in one or more daily duties of his? A. No."

There is testimony by other witnesses to the same effect, all showing clearly that the plaintiff would be able to work in the future in many profitable employments. Although there is no doubt that the use of plaintiff's left hand has been impaired, it does not render him physically disabled to such an extent that he will be wholly unable to work for the rest of his life. One of the most important and conclusive items of evidence is documentary in form and is the application of plaintiff for a renewal of his chauffeur's license for the years 1933–1934. One of the questions and the plaintiff's answer thereto in the application blank are as follows: " 14. Have you suffered any physical or mental disability or been confined to a State Institution, State Hospital, or Private Institution since April 15, 1932? No."

This application for a chauffeur's license conclusively established the fact that this plaintiff considered himself able to act as a chauffeur. There is no evidence in the record contradicting or limiting this application. It is clear, therefore, that the plaintiff was aware of the fact that he was not totally disabled and had in mind obtaining a position as a chauffeur or at least acting as such in the immediate future.

We are of the opinion, therefore, that the first cause of action should have been submitted to the jury and that on the testimony of plaintiff and his witnesses the complaint should have been dismissed as to the second cause of action.

The judgment, therefore, should be reversed, without costs, the second cause of action dismissed, and the first cause of action reinstated, and a new trial ordered as to the first cause of action.

FINCH, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment reversed, without costs, the second cause of action dismissed, and the first cause of action reinstated, and a new trial ordered as to said first cause of action.