Axel S. Carlson, Respondent, v. James Strain, Appellant.— In an action to recover for personal injuries sustained by plaintiff, a pedestrian, when struck by defendant's car at a street crossing, judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.

Albert Heilbronn, Appellant, v. New York Life Insurance Company, Respondent. Albert Heilbronn, Appellant, v. The Travelers Insurance Company, Respondent.— Judgments for the defendants in actions by the insured upon total disability provisions of insurance policies unanimously affirmed, with costs. (1) The plaintiff and the defendants agreed upon the form of the questions to be submitted to the jury, defining the issues of fact. The plaintiff agreed that the submission should be made upon the theory that in order to recover he was obligated to establish that he was " wholly disabled." The final submission to the jury was under a charge that left the jury free to apply the language of the policies in their plain, ordinary and proper sense, which language was clear and unambiguous. The granting of the plaintiff's final request to charge instructed the jury that trivial or minor acts did not preclude a finding of total disability. This excluded absurd literalism and was in conformity with giving the unambiguous language of the policies its plain and ordinary meaning; under which language the jury were to determine whether or not the plaintiff was wholly disabled. The finding that he was not wholly disabled was amply justified by the evidence adduced on behalf of the plaintiff, apart from the evidence adduced on behalf of the defendants. (2) The excluded questions propounded to certain of plaintiff's doctors respecting plaintiff's present or future ability to do certain mental or physical labor without endangering health did not involve error (a) because immediately thereafter the witnesses were permitted to answer broader questions in reference to the plaintiff's present condition, some of which included the subject-matter of the excluded question. These witnesses, particularly Dr. Louria, stated opinions that the plaintiff was permanently and wholly disabled and that the doing of physical or mental labor would endanger life and health; (b) moreover, the exclusion of the question might be justified because of its failure to conform to the issues agreed upon by counsel and the terms of the policies. (3) The manner of submission to the jury in the form of specific questions and the entry of a general verdict upon the answers thereto were on consent and, therefore, may not now be attacked. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

Alexander Hennig and Another, Respondents, v. John J. Abrahams, Appellant, and Alfred H. Light, Defendant.—Action to rescind a second mortgage transaction and to compel defendants to account to plaintiffs as constructive trustees. Judgment entered on findings in favor of plaintiffs against defendant Abrahams unaimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ.

Walter C. Hewitt, Appellant, v. Fred David, Respondent.— Order granting reargument of motion for a preference and on reargument denying the motion affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.