EDWARD D. ROBINSON, Plaintiff, *v.* THE EQUITABLE LIFE ASSUR-
ANCE SOCIETY OF THE UNITED STATES, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District,
January 10, 1935,

*J. J. & A. L. Weiss* [*J. J. Weiss* of counsel], for the plaintiff.

*Alexander & Green* [*John M. Preston* of counsel], for the defendant.

GENUNG, J.   The question in this case was whether plaintiff was totally and permanently disabled, within the meaning of the policy issued by defendant.   A jury has found, on conflicting evidence, that he was so disabled.   The validity of the verdict is challenged by the defendant's motion to set it aside.

Plaintiff testified that the disability commenced in January, 1933.   In June, 1933, plaintiff applied for a renewal of an automobile operator's license, held by him.   The application contained the following question: " Have you suffered any physical or mental disability since April 15, 1932? "   Plaintiff answered, " No."   In May, 1934, plaintiff made the same answer to the same question in executing this application for a further renewal of his license.

Confronted with these admissions, plaintiff first took the position that the answers were true.   Later in the case he testified that " I never read those things; I just sign them; I had been signing them for twenty years.   *   *   *   As far as I know I did not pay any attention to them; I just signed them because I did not want my license to lapse."

*Garms* v. *Travelers Ins. Co.* (242 App. Div. 230; affd., 266 N. Y. ——) is earnestly pressed upon the court's attention as a controlling precedent in defendant's favor.   A careful reading of the very able

opinion in that case, however, indicates that the court dealt with the peculiar facts there presented, and that it did not assume to state an inflexible rule of law. There the admission was contained in an application for a *chauffeur's* license. " This application for a chauffeur's license," said the court, " conclusively established the fact *that this plaintiff considered himself able to act as a chauffeur.*" Continuing, the court said: " There is no evidence in the record contradicting or limiting this application. It is clear, therefore, that the plaintiff was aware of the fact that he was not totally disabled *and had in mind obtaining a position as a chauffeur or at least acting as such in the immediate future.*"

Here the applications contained the identical questions answered in the *Garms* case, and the identical answer. This plaintiff, however, was applying for a continuance of an *operator's* license held by him. His wife owned a car, which, apparently, he sometimes drove. He swore that he applied for an extension of his license to keep it from lapsing. An operator's license does not permit the holder thereof to drive for hire. (Compare Vehicle and Traffic Law, § 2, subd. 14, with subd. 15 thereof.) Nor was there proof that the applications for renewal were in furtherance of plaintiff's previous business, or in contemplation of a new business or enterprise.

In the *Garms* case the plaintiff had qualified under the statute as a chauffeur. His application after his alleged disability was for a continuance of his license *as chauffeur*. A " chauffeur " is one " who is employed for the principal purpose of operating a motor vehicle or who drives a motor vehicle while in use as a public or common carrier of persons or property." (Vehicle and Traffic Law, § 2, subd. 14.) The term describes an occupation which the Legislature has classified as hazardous (Workmen's Compensation Law, § 3, subd. 1, group 12), and which common experience has demonstrated to require, in its ordinary pursuit, an expenditure of energy and a routine of physical activity far beyond the capacity of a totally and permanently disabled man. Be it the driving of a liveried rig or the maneuvering of a beer truck, the work of chauffeuring is arduous and exacting. It is not the occupational cloister to which the halt and the blind retire when their ordinary bread-winning faculties fail them. A declaration of continued ability to act as a chauffeur is an avowal of unimpaired capacity to work for a living. Unexplained and unretracted, such an avowal becomes a *conclusive* admission against an insured who is claiming disability benefits under a policy, on the plea of permanent total disability. This, in brief, is the sense of the *Garms* case.

The admission .in the case at bar, potent though it was, was not conclusive as a matter of law. It stood on the same footing as admissions generally do. It was subject to explanation or disavowal. It could be shown to have been not " intended or correctly understood." (*Raabe* v. *Squier*, 148 N. Y. 81, 86; *Mindlin* v. *Dorfman*, 197 App. Div. 770, 772.) The credibility of plaintiff's explanation was for the jury to determine. It chose to believe him.

The motions to dismiss the complaint (as to which decision was reserved) and to set aside the verdict are denied. Five days' stay. Decision filed.