EDGAR R. JERSEY, Plaintiff, *v.* TRAVELERS INSURANCE COMPANY, Defendant.*

Supreme Court, Trial Term, Kings County, April 2, 1936.

*George Feinberg*, for the plaintiff.

*William J. Moran*, for the defendant.

STEINBRINK, J.   The defendant issued to the plaintiff a policy of insurance providing benefits " if the Insured shall furnish the Company with due proof that he has since such payment and before having attained the age of 60, become wholly disabled by bodily njuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit." The facts in the case are undisputed. While the policy was in force and as the result of an accident the entire lower third of the plaintiff's right leg became covered with an incurable varicose ulcer, in consequence of which any pressure on this leg causes a breaking down of tissues. By occupation the plaintiff is an appraiser of buildings and construction

* Affd., 250 App. Div. 768.

and his work requires that he inspect and measure the buildings from cellar to roof. In response to his attorney's question as to whether he went down to cellars and climbed to the roofs of buildings as he used to before the ulcerous condition appeared, the plaintiff said: " I didn't go into as much detail then as I did previously because I wasn't in the condition to climb and I had to be more or less careful." In further elucidation, he said: " Well, in 1931, when I made an appraisal of a building my main practice was to visit the premises and see the structure, and then work that I couldn't do, such as climbing, and one thing and another, was carried on by somebody else. Oftentimes I paid a man on one of these estates to measure the building for me and to go into the barns and lofts," etc.

During part of the period covered by the first cause of action, between April 17, 1931, and April 16, 1932, the plaintiff worked ninety-eight days. His work carried him throughout the city and to points in Westchester and Long Island. He drove his automobile and on occasion took trips to Connecticut and Massachusetts. He traveled by train and likewise by the subway and elevated lines even though it required the climbing of stairs. From these facts it seems clear that while the condition from which the plaintiff suffers makes it difficult for him to perform his usual work, it does not render it impossible for him to do so nor does it prevent him for life from engaging in any occupation or employment. Under the unambiguous language of the above-mentioned clause in the policy, the plaintiff can only recover upon proof that he has sustained bodily injury or disease as the result of which he was thereafter prevented from engaging in any occupation or employment for wage or profit. (*Garms* v. *Travelers Ins. Co.*, 242 App. Div. 230; affd., 266 N. Y. 446; *Heilbronn* v. *Travelers Ins. Co.*, 243 App. Div. 558; *Williams* v. *John Hancock Mutual Life Ins. Co.*, 245 id. 585.) Moreover, apart from the claimed actual disability, the record is barren of any evidence showing that due proof of the disability was furnished to the defendant. This requirement is a condition precedent to recovery under the policy. (*Epstein* v. *Mutual Life Ins. Co.*, 143 Misc. 587; affd., 236 App. Div. 843.)

The determination at the close of the plaintiff's case dismissing the complaint will consequently not be set aside.