RICHARD H. FINKELSTEIN, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, Appellant.

First Department, April 3, 1936.

*William B. Moore* of counsel [*Tanner, Sillcocks & Friend,* attorneys], for the appellant.

*Sol S. Perlow* of counsel [*David Perlow* with him on the brief, attorney], for the respondent.

O'MALLEY, J.   Here is involved the construction of disability provisions in a policy of life insurance.   Plaintiff's right to recover is predicated on a provision which gives him certain rights in the event that he has " become totally disabled as the result of bodily injury or disease so as to be wholly prevented thereby from engaging in any occupation or employment for wage or profit."

Plaintiff is a glazier by trade.   He has never been engaged in any other business or occupation.   While handling a heavy pane of plate glass he sustained a serious injury to his right arm.   His proof was sufficient to justify a finding that due to such injury he can no longer perform his work as heretofore.   He did not show, however, that he could not do some of his former work or that he was unable to do some work of other nature.

With respect to the interpretation to be placed upon the clause of the contract above quoted the court charged:

" Of course, the law does not mean that if a person was doing glazing work, that he cannot get some other work; but it must be work of a similar nature.   In other words, you cannot ask a glazier to be a manager of a department store or manager of some other business, or earn a livelihood in something which he knows nothing about.   He is obliged to obtain similar employment, and if he is unable to perform that kind of employment — that is the question which you are to determine — then under those circumstances he is entitled to the benefit of his contract of insurance and he is entitled to recover   *   *   *.

" You are to gather from all the evidence in the case whether there is a permanent total disability.   If you find that there is, and that the plaintiff is unable to continue in his occupation, then there must be a recovery."

To this the defendant duly excepted.

In our opinion the charge was erroneous.   In interpreting recently words of similar import, this court, speaking through Mr. Justice MARTIN (now presiding justice), held that, to recover, an insured must prove not only that he has been prevented by injury from following his usual calling, but that he is unable by reason of the injuries from finding work in some other profitable employment. (*Garms* v. *Travelers Insurance Co.,* 242 App. Div. 230; affd., 266 N. Y. 446.)

Nor was this error cured by the court's subsequent acceding to a request on the part of defendant's counsel. This was to the effect that plaintiff would not be entitled to recover if the jury found that he was reasonably able to engage in any occupation for wage. Subsequently, however, the court granted over defendant's exception a request on the part of plaintiff's counsel to charge that plaintiff would be entitled to recover if the jury found that he had been disabled to the extent that he could not do the work usual in the kind of work that he had been doing as a glazier. This instruction was a repetition merely of the error in the main charge.

It follows, therefore, that the determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial ordered, with costs to the appellant in all courts to abide the event.

MARTIN, P. J., McAVOY, DORE and COHN, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court unanimously reversed and a new trial ordered, with costs to the appellant in all courts to abide the event.