Louis Klosk, Plaintiff, v. Equitable Life Assurance Society of the United States, Defendant.

Municipal Court of New York, Borough of Bronx, Second District, April 26, 1937.

*Engel Bros.*, for the plaintiff.

*Alexander & Green [William G. H. Acheson* of counsel], for the defendant.

Lyman, J.   This is an action on two accident and health policies for benefits by reason of the alleged total and continuous disability of plaintiff.  Each policy provides for payment of benefits for disability caused by disease.  The pertinent clause of each policy provides, in effect, that if the disease prevents the plaintiff from performing any and every duty pertaining to his occupation he should be entitled to the benefits prescribed by the policy.

The plaintiff is an officer of several corporations owning real estate and personally manages their affairs, and in that capacity visits the various properties, conferring with the employees of each building with respect to leases and other problems arising in connection with the management.  It also appears that the plaintiff

is the manager of a building construction company, which at the time of the disability was engaged in renovation work. In connection with the management and supervision of this work the plaintiff necessarily had to climb ladders and scaffolds.

It is uncontradicted that during the period complained of the plaintiff was suffering from bursitis which painfully affected the use of his right arm, and that in an attempt to relieve his condition he had nine teeth removed. There is also some testimony that the plaintiff was suffering from a mild form of diabetes. There was medical testimony on behalf of the plaintiff that plaintiff's condition was such that he was advised to refrain from the performance of the duties of his employment in order to facilitate recovery.

The decisions covering the subject of liability on disability clauses in policies have led to some confusion. This has been due mainly to the fact that the courts have not always distinguished between those cases in which the disability was such that the insured was prevented from engaging in any occupation and those cases in which he was prevented from engaging in his particular occupation. (98 A. L. R. 798.) As a result it seemed that the Appellate Division of the First Department and the Appellate Division of the Second Department were in conflict. (*Garms* v. *Travelers Insurance Co.*, 242 App. Div. 230; *Arico* v. *Prudential Insurance Co.*, 241 id. 826.) The language of the first cited case apparently enunciated the rule that where the policy provided benefits if the insured could not engage in any occupation the language must be taken literally, and that consequently the insured must be disabled from engaging in any occupation regardless of how menial it might be or how unprofitable. This rule seemed contrary to the language of an earlier Court of Appeals case (*Neill* v. *Order of United Friends*, 149 N. Y. 430). The actual decision of the *Garms* case (affd., 266 id. 446), as distinguished from the language of the opinion, was that recovery would be denied where the policy contained the clause that the insured must be disabled from engaging in any occupation, where it appeared the insured was able to engage in other " profitable " employment. The actual holding then is not a departure from *Neill* v. *Order of United Friends* (*supra*).

Although the opinion in the *Arico Case* (*supra*) seemed contrary to the language of the Appellate Division in the *Garms* case, the same court which decided the *Arico* case subsequently stated (*Muzio* v. *Metropolitan Life Insurance Co.*, 249 App. Div. 177) that its policy was not out of harmony with decisions in the First Department, and in deciding that the insured, a barber with two disabled fingers, could engage in some other gainful occupation,

distinguished between the classes of cases where the policy provided benefits if the insured was prevented from engaging in any occupation, and those cases where the insured was prevented from engaging in his occupation. In the latter type of case the law is clear that the question as to whether or not the insured is able to engage in his occupation is one of fact. (*Garms* v. *Travelers Insurance Co.*, supra; *Muzio* v. *Metropolitan Life Insurance Co.*, supra. See, also, *Goldstein* v. *Connecticut General Life Insurance Co.*, 273 N. Y. 578.)

The testimony in the instant case proves to the satisfaction of this court that the plaintiff was so disabled as to entitle him to the benefits provided for by the policies. His affliction was such, during the period complained of, that in the exercise of common care and prudence it was necessary for him to desist from performing his regular duties. (*Collis* v. *Massachusetts Bonding & Insurance Co.*, 236 App. Div. 525.)

Judgment for the plaintiff.