JESSE S. SIFF, Plaintiff, *v.* THE TRAVELERS INSURANCE COMPANY, Defendant.

Supreme Court, Trial Term, Rockland County, April 29, 1937.

*J. Leon Israel,* for the plaintiff.

*William A. Roe,* for the defendant.

SYME, J.   This is a motion by defendant, after a verdict by the jury in favor of plaintiff, to set aside the verdict upon all the grounds specified in section 549 of the Civil Practice Act, and also to dismiss plaintiff's complaint, which motions were made both at the end of plaintiff's case, and also at the end of the entire case, upon which the court reserved decision, pending the verdict of the jury.

The action was brought to recover disability benefits under a policy issued by defendant to plaintiff, which, so far as this case is concerned, provided: " If the insured shall furnish the Company with due proof that he has before having attained the age of 60, become *wholly disabled* by bodily injuries or disease, and will be permanently, continuously *and wholly* prevented thereby for life

from engaging *in any* occupation or employment for wage or profit, * * * the Company will waive the payment of any future premiums * * * which may fall due on this contract, during such disability; * * * Beginning six months after receipt of due proof of permanent total disability sustained as aforesaid, the Company will pay to the Insured each month, so long as he shall live and suffer such disability, ($100.00 per month)."

There was no serious question on the trial as to the proper filing of proofs of claim, or as to plaintiff having sustained his incapacity prior to his reaching the age of sixty years. The real question was as to whether plaintiff's incapacity was such as to entitle him to the benefits within the wording of the foregoing provision of the policy.

At the time of the issuing of the policy plaintiff stated that he was an office manager, and there is no serious question but that he was then employed by his father (a wholesale furrier) in performing the customary office duties, such as keeping the books, sending out the bills, attending to the correspondence, and similar matters.

Later on he entered the factory and worked as a cutter of skins, which evidently required a steady hand.

The policy was issued in March, 1919.

In 1923 plaintiff became ill, filed his claim for the monthly benefits and was paid until 1925.

In 1928 he again became ill and was operated on for a carcinoma or cancer of the large intestine or colon.

Thereupon defendant resumed payment of the benefits, and also paid up the arrears which had accumulated between 1925 and 1928.

These payments were continued until August, 1933, when they were again discontinued. This action is to recover the benefits which have accrued since the 1933 discontinuance.

There is no question but that plaintiff is suffering from some ailment, including a marked tremor of his right hand and arm. His appearance while testifying, taken in connection with his medical proof, justified the finding that he was ill to some extent at least.

However, defendant contended that such illness (whatever its extent), was not such as to " *wholly disable* plaintiff and permanently, continuously *and wholly prevent* him for life from engaging *in any* occupation or employment for wage or profit."

In substantiation of this claim, defendant conclusively proved that plaintiff, for several years, had acted as the financial secretary for the American Legion post in Nyack, which included keeping

its bank account, writing all checks, etc.; that he had operated an automobile parking space in Nyack, for compensation; that he had been employed as a special police officer by the Nyack police department for a number of months, and had been paid; that he continuously drove an automobile; that he competed as one of the members of a bowling team in league contests, and had also played as pitcher and first baseman on a soft baseball team in league contests; that he had also played a drum in the band of the Nyack American Legion, which included his participating in parades in Brooklyn and other places, and that all these activities had been carried on for several years, in many of which he had earned and received compensation.

In addition, defendant proved that for the years of 1932 to 1937 plaintiff had annually taken out a *chauffeur* license and had answered " no " to the question: " 14. Have you suffered any physical or mental disability, or been confined to a State Institution, State Hospital or Private Institution, since April 15th, 193–.''

From this, defendant argues that this conclusively established that plaintiff considered himself able to act as a chauffeur.

The crux of defendant's contention is that although plaintiff has not worked steadily, his conceded activity in athletic competition, such as bowling and soft ball in league games, as well as playing a drum in a band and participating in street parades, conclusively establishes plaintiff's ability to engage in gainful occupation if he elects so to do, and that his failure to do so is a matter of his own election.

The appellate courts have recently considered policies similar to the one here under consideration, to wit: In *Garms* v. *Travelers Insurance Co.* (242 App. Div. 230; affd., 266 N. Y. 446) the First Department had before it a policy of this defendant similar to the one involved herein. The court reversed a judgment entered upon a verdict of a jury in favor of the plaintiff, and dismissed plaintiff's second cause of action based on said policy. The court said (at p. 231):

" The insurance company is not liable unless there be proof that the insured had been ' *wholly disabled* by bodily injuries or disease and will be continuously and *wholly prevented* thereby for life from engaging *in any* occupation or employment for wage or profit.'

" The trial court sent this question to the jury, and a verdict was rendered for plaintiff. To prove the second cause of action it was necessary for plaintiff to show that he had sustained bodily injuries as a result of which he would thereafter be prevented, for life, from engaging *in any* occupation or employment for wage or profit.

" The testimony of the witnesses for the plaintiff clearly established that he was not suffering from any injury which would prevent him from working in many employments. Although the injury might prevent him from working at some special employments, there were numerous positions which he might fill without any difficulty."

In referring to Garms' application for a chauffeur's license, similar to the four applications made by the plaintiff herein, the court said (at p. 232):

" One of the most important and conclusive items of evidence is documentary in form and is the application of plaintiff for a renewal of his chauffeur's license for the years 1933–1934. One of the questions and the plaintiff's answer thereto in the application blank are as follows: ' 14. Have you suffered any physical or mental disability or been confined to a State Institution, State Hospital, or Private Institution since April 15, 1932? No.'

" *This application for a chauffeur's license conclusively established the fact that this plaintiff considered himself able to act as a chauffeur.* There is no evidence in the record contradicting or limiting this application. It is clear, therefore, that the plaintiff was aware of the fact that he was not totally disabled and had in mind obtaining a position as a chauffeur or at least acting as such in the immediate future."

In *Muzio* v. *Metropolitan Life Ins. Co.* (249 App. Div. 177) the Second Department reversed the judgment in favor of the plaintiff and dismissed the complaint. In that case, plaintiff sought to recover weekly benefits under a policy of accident insurance which provided in its first paragraph for the payment of said benefits if the insured was continuously and wholly disabled " from performing any and every kind of duty pertaining to the occupation in which he is engaged at the time of the accident  *  *  * not exceeding 52 weeks."

The second paragraph of the policy provided: " If such disability shall continue for the period of 52 weeks, and the insured shall then and thereafter be continuously and wholly disabled by said injuries, independently of all other causes, *from engaging in any and every occupation or employment for wage or profit,* the company will continue the payment of the weekly indemnity *as long the insured shall be so disabled.*"

The defendant had paid to Muzio benefits for fifty-two weeks under the first paragraph of the policy, but refused to pay any benefits under the second paragraph last above quoted, contending that plaintiff was not wholly disabled from engaging in any occupation. In sustaining the defendant's contention the Appellate Division said (249 App. Div. 177, at p. 179):

" What is the effect or correct interpretation of this second paragraph? The construction of language providing for benefits as a consequence of disability ' from engaging in any and every occupation ' usually arises with reference to life insurance policies having permanent disability benefits by way of waiver of premiums. These cases usually concern policies the language of which makes no distinction between benefits accruing for periods where one is disabled from following *the occupation then engaged in* and benefits for periods accruing by reason of one's being disabled from following *any other occupation*. (*Arico* v. *Prudential Insurance Co.*, 241 App. Div. 826; *Neill* v. *United Friends* 149 N. Y. 430; *Hutchinson* v. *Supreme Tent, etc.*, 68 Hun, 355; *Heilbronn* v. *New York Life Ins. Co.*, 243 App. Div. 558.) In such cases it has not been imperative to enforce the sharp distinction between differentiating language such as is contained in the two clauses set out in the indemnity policy here involved, since such policies lack the differentiation we have here. This accounts for certain general observations therein which are not applicable to the engagements in the indemnity policy under consideration.

" The language in both the first paragraph, under which plaintiff has received payments, and the second paragraph, under which he seeks further payments, discloses no ambiguity. The terms in a contract of insurance, like those in other contracts, are to be construed in their plain and ordinary sense unless the context indicates the contrary. (*Preston* v. *Ætna Insurance Co.*, 193 N. Y. 142, 144; *Drilling* v. *New York Life Insurance Co.*, 234 id. 234, 241.) They are not to be interpreted with an extreme literalism productive of absurd results by way of relieving or burdening the insurer. (*Heilbronn* v. *New York Life Ins. Co.*, 243 App. Div. 558.) If the second paragraph, which obligates the insurer to make payments where the insured is prevented from ' engaging in any and every occupation,' is construed as having no different meaning from the first paragraph, which obligates the insurer to make payments where the insured is disabled from ' performing any * * * duty pertaining to the occupation in which he is engaged at the time of the accident,' then the use of distinguishing language is rendered futile. When parties have used apt language to differentiate between two situations, their unambiguously expressed purpose and engagements may not be frustrated under the guise of interpretation."

And (at p. 180): " The fact that plaintiff, because of two stiff fingers, is unable to continue as a barber does not mean that he is disabled from following a gainful employment. It is common knowledge that men with stiff fingers or disabled hands are engaged

in many gainful employments. Plaintiff, therefore, is not entitled to the benefits of further payments under the second paragraph, which he invokes. He is not to be classed with one who has lost one or two arms or one or two legs. * * * This conclusion is in accord with authority. (*Williams* v. *John Hancock Mut. Life Ins. Co.*, 245 App. Div. 585; *Garms* v. *Travelers Insurance Co.*, 242 id. 230; affd., 266 N. Y. 446; *Finkelstein* v. *John Hancock Mut. Life Ins. Co.*, 247 App. Div. 74; *Steingart* v. *Metropolitan Life Ins. Co.*, 249 id. 114.) ''

I, therefore, am of the opinion that plaintiff has failed to sustain the burden of proof imposed upon him, and, accordingly, set aside the verdict rendered by the jury, in favor of plaintiff, and also grant the motion made by defendant at the close of the whole case to dismiss the complaint.

Settle order on two days' notice.