■ FRANK D. SMITH, Respondent, v. ST. LAWRENCE COUNTY NATIONAL BANK et al., Appellants.— Appeal by defendants from a judgment entered upon the verdict of a jury and from the order denying their motion to set aside the verdict and for a new trial. Plaintiff was injured and his automobile damaged in a collision with a motor vehicle owned by defendant, St. Lawrence County National Bank, and operated by its president, defendant Wilmhurst. The record presents questions of fact as to negligence and contributory negligence. In our opinion as to neither of these issues is the verdict against the weight of the evidence. However, errors committed during the trial require a reversal of the judgment. During the cross-examination of plaintiff the following occurred: "Q. And isn't it a fact, Mr. Smith, that * * * you spoke to me and you said that either both of us [referring to the operators of the vehicles involved in the collision] were to blame for the accident or none of us were to blame? Mr. Gurley: I object to that as incompetent, irrelevant and immaterial. This was no part of the examination before trial. The Court: Sustained." This was error since the extra-judicial declaration against interest which the question

attributed to plaintiff was admissible on the subject of credibility and as direct probative evidence material to the main issues of the lawsuit. (*Reed* v. *McCord*, 160 N. Y. 330, 341; *Nappi* v. *Falcon Truck Renting Corp.*, 286 App. Div. 123, 126, affd. 1 N Y 2d 750; *Gangi* v. *Fradus*, 227 N. Y. 452, 456–457; *Mindlin* v. *Dorfman*, 197 App. Div. 770.) Where such were as sharply drawn as here, we cannot say that the exclusion of the declaration did not influence the jury in arriving at its verdict for plaintiff. (*Geminder* v. *Zauderer*, 8 A D 2d 703.) We see no ground on this record for the proper application of the doctrine of last clear chance. There is a difference of view within the court as to the gravity of the error of the Trial Judge in discussing this doctrine in the charge; but we assume that on a new trial unless a different record is developed the doctrine will not be charged. Since there is to be a new trial the other rulings complained of by appellants have or in the course of future pretrial procedures should become academic. Judgment reversed, on the law and the facts, and a new trial granted, with costs to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.