[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 409 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 410 
The appellant's counsel claims that, on the former appeal, this court held in effect that the making of the contract of April 2d 1846, and the receipt of May second, indorsed on the contract, constituted no evidence proper to be taken into consideration by a jury, with other testimony, on the question whether the installment of rent sought to be recovered had been paid or satisfied. But in that he is mistaken. On the first trial of the action the plaintiff was nonsuited; and on the appeal to this court from the judgment rendered on the nonsuit, the only question before the court was, whether the contract and receipt indorsed thereon, unexplained, proved that the claim for rent had been paid or canceled, or, in other words, whether the evidence that it was paid or canceled, furnished by the contract and receipt, was of that conclusive character which authorized the judge presiding at the trial to take the case from the jury and pass upon it himself. The court did not hold that the evidence was not sufficient to be submitted to the jury, and to authorize them to find therefrom that the rent had been paid, as no such question was presented by the case.
On the last trial it was shown that the plaintiff actually paid the $550 when the receipt for that amount was given, consequently no presumption remained that the installment of rent was accounted for and allowed as a part of that payment. But the facts remained, that the day after the rent became payable the plaintiff bound himself to pay to Miller $550 in one month thereafter, and at the expiration of the month paid the amount. It is at least singular that he should do so, when at the same time $65 was due and payable to him from Miller; when his acts were perfectly consistent with the supposition that the $65 had been previously paid. That it was competent to submit these circumstances to the jury, on the question whether the $65 had not been previously paid, and for the jury to consider them with the other testimony bearing upon that point, does *Page 412 
not, I think, admit of a question. The only question in the case was that of payment; and that there was sufficient evidence on that subject to be submitted to the jury was virtually conceded on the trial, as the court was not asked to take the case from the jury, and the plaintiff's counsel asked the court to charge that the plaintiff was entitled to recover, unless they found from the testimony of the three witnesses called by the defendant that the rent had been paid. That the judge was right in refusing so to charge I have endeavored to show above.
The judge charged the jury, in substance, that whether the payment of the rent was to be presumed from the fact that after it became due the plaintiff paid $550 was a question of fact for them to decide, and this part of the charge was excepted to. Whether this instruction, taken separately from the remainder of the charge, can be sustained, depends upon whether, in case the defendant had not introduced the oral testimony of the three witnesses called by him, the jury would have been authorized to find as they did; or, in other words, whether, in such case, the judge would have been justified in directing a verdict for the plaintiff for the amount claimed, thus taking the case from the jury. I do not think it is necessary to pass upon that question. In the instruction complained of, the judge did not direct the jury affirmatively that they could find the rent paid solely from the fact that $550 had been paid, and this part of the charge is immediately followed by the direction that they had the right to take these circumstances (the making the contract and payment on it of the $550) into consideration, in connection with the testimony given by the defendant with a view of showing payment of the rent, and from the whole to determine the question of payment. From the whole charge the jury could not but have understood that they must take into consideration all the evidence in the case, as well the testimony of the witnesses introduced by the defendant as the other circumstances, in determining the *Page 413 
question of payment. In considering whether a single proposition contained in a charge is erroneous, it is to be construed in connection with the context. The whole charge, or so much of it as is connected with and tends to modify or explain the part claimed to be objectionable, is to be considered in determining whether an error has been committed. Admitting that the part of the charge excepted to, when isolated from the context, is erroneous, yet a new trial is not to be granted for that cause, when it appears, as in this case, that the jury could not have been misled thereby.
On the whole, I think that the judgment appealed from should be affirmed.