WILLIAM C. BROADWELL, Respondent, v. JACOB D. CONOVER, Appellant.

EVIDENCE — ERRONEOUS EXCLUSION OF TESTIMONY TENDING TO SHOW INCONSISTENCY OF PLAINTIFF'S CLAIM. Where the evidence in an action to recover an alleged indebtedness consists principally of the testimony of the parties, each testifying in support of his own claim, it is reversible error to exclude a letter written by the plaintiff to defendant several months after the indebtedness was claimed to have arisen, in which the defendant was requested to perform a service for the plaintiff for which the latter promised to pay him as soon as convenient, since the defendant should be allowed to urge before the jury the inconsistency of plaintiff's claim that he was indebted to him at the time alleged.

*Broadwell* v. *Conover*, 108 App. Div. 359, reversed.

. (Argued November 26, 1906; decided December 4, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 6, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Junius R. Judson* for appellant. The court erred in not admitting in evidence the letter from plaintiff to defendant. (*Sperry* v. *Miller*, 16 N. Y. 407 ; *Lake* v. *Tyson*, 6 N. Y. 461 ; *Strong* v. *Slicer*, 35 Vt. 40 ; *Webster* v. *Sibley*, 72 Mich. 630.)

*George E. Warner* for respondent.

CHASE, J. The plaintiff by his complaint alleges in substance that he is the inventor of a safety pin; that the defendant agreed to pay him $1,000 for such invention as soon as the same was patented, and that the patent has been granted but that the defendant has failed to make such payment.

The defendant by his answer denies the allegations of the complaint relating to the invention and his promise to pay the plaintiff $1,000 therefor. On the trial the evidence relating to the contract consisted principally of the testimony of the plaintiff and defendant, each in his own behalf.

It appears from the record that the safety pin was patented in the name of the defendant on the 4th day of September, 1900. Plaintiff testified that in October, 1900, he asked the defendant for money, and that the defendant replied that " He had been to a great deal of expense in advertising and one thing and another and he was not in a position to do anything just then ; that he would do as he agreed with me."

Plaintiff wrote the defendant a letter on May 26th, 1901, in regard to the defendant's having his lawyer get a patent on a certain hook and eye, and waiting until it was convenient for him to pay to the defendant the expense of obtaining such patent. The letter was offered in evidence,

but it was objected to by the plaintiff as immaterial, incompetent and irrelevant. The objection was sustained and the defendant took an exception. Plaintiff recovered a judgment, and it is claimed by the defendant that the rejection of the letter was error that requires that the judgment be reversed. The letter is as follows: " Since you were here, I have thought of the proposition you made me on the hook and eye, and, if you will do what you said I will send you the samples of the different ideas and write out my claims. You can have your lawyer go ahead and get the patent as soon as possible. You know the proposition you made me. You said you would get the patent and I could pay you at any time most convenient for me. Now, if you will do this, write and let me know, and as soon as I hear from you I will send the samples. I can make a machine to make the hook and eye, and if I can get a patent on them I should like to have you handle them for me, or perhaps we can fix it in some other way. We will talk of that later. I think it the handiest little thing there is, and it will be a great seller, it is so simple and easily applied. I suppose you are always glad to hear how the Capsheaf. pins are coming along? Well, I have made an improvement on the guard that will please you. Will illustrate it on paper you find inside ; there will be no crooks or roughness where the guard is bent around the pin. Say nothing to Wallace about it, and when I send samples of the hook and eye I will send you some pins."

Without expressing any opinion as to the weight to be given to the letter in deciding the question of fact between the plaintiff and defendant, we are of the opinion that the letter should have been received in evidence, and that the defendant should have been allowed to urge before the jury that the plaintiff's request to have the defendant get the patent on the hook and eye, coupled with his promise to repay to the defendant the expense thereof at a time convenient for him, is inconsistent with his claim that the defendant had for about nine months been his debtor to the extent of $1,000. If the defendant was then in a position to advance the money neces-

sary to obtain a patent to the plaintiff on the hook and eye, the defendant should have been allowed to urge that the plaintiff would naturally have suggested in his letter that a payment be made to him on account of the $1,000, so that the plaintiff could himself bear the expense incident to obtaining the patent, or that the defendant pay, or become liable to pay, the expense thereof and credit the same on account of the indebtedness then existing from the defendant to the plaintiff. (*Sperry* v. *Miller,* 16 N. Y. 407.)

As the evidence in this case consists principally of the testimony of the parties each in support of his own claim, it is a substantial error to exclude any testimony that has a legitimate bearing upon the weight to be given to the testimony of the parties respectively relating to the alleged indebtedness.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN and WILLARD BARTLETT, JJ., concur; O'BRIEN, J., absent.

Judgment reversed, etc.