John E. Williams and Another, Respondents, *v.* John Hancock Mutual Life Insurance Company, Appellant, Impleaded with H. D. Taylor Company, Defendant.*

Fourth Department, November 7, 1935.

*Dudley, Stowe & Sawyer* [*Roy P. Ohlin* and *Mason O. Damon* of counsel], for the appellant.

*Godfrey M. Frohe*, for the respondents.

Lewis, J. We review a judgment awarding to an assured full benefits for permanent total disability under a group policy of life insurance.

The plaintiff John E. Williams is an upholstery salesman employed by the defendant H. D. Taylor Company. He is one of a number of employees insured under a policy of life insurance issued by the defendant insurance company which contains the following provision: " Permanent Total Disability Benefit. If any Employee shall furnish the Company with due proof that while insured under this policy and before having attained the age of sixty, he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from

* Revg. 154 Misc. 504.

engaging in any occupation or employment for wage or profit, the Company will waive further payment of premium as to such Employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of due proofs of such disability. "

In connection with the policy, the insurer delivered to the assured a certificate which provided: " Permanent Total Disability. Any Employee who shall furnish the Company with due proof that he has become totally disabled by injuries, sickness or disease, and has been continuously prevented thereby from performing any and every duty pertaining to his occupation and presumably will during his lifetime be prevented from pursuing any occupation for wages or profit, or if he has suffered the entire and irrecoverable loss of the sight of both eyes, or of the use of both hands, or of both feet, or of one hand and one foot, he shall be deemed to be totally and permanently disabled and the insurance hereunder will become available, provided such disability or loss has been sustained before attaining the age of 60."

In 1931, while the plaintiff assured was covered by the policy mentioned above, he met with a minor accident which, however, led to serious consequences including a tubercular infection of the right knee. Thereafter he was confined to his bed for long periods and underwent a number of operations, the last of which involved the excision of the right knee joint and a " fusing " or uniting of the femur and tibia in such a manner as to produce a single bone extending from the hip to the ankle. At the time of the trial a rigid union of the two bones had not been formed although there is proof from the plaintiffs' surgeon that such a result is assured. By reason of the removal of the knee joint and the resulting jointless shaft from hip to ankle, the insured will be required to wear a steel brace attached to the shoe and so fitted around the right leg as to prevent flexion.

We are thus brought to the question whether the evidence presented by the plaintiffs was sufficient to establish the disablement contemplated by the insurance contract which will justify his recovery in this action. Has he proved that by his disability he will be " wholly prevented thereby for life from engaging in " — not his former occupation, but " any occupation or employment for wage or profit? "

The premium, paid jointly by the assured and his employer, was fixed by their contract with the insurer; its amount depended upon the risk to be assumed by the insurer. We cannot by our construction of that contract increase the risk assumed, and thus extend the resulting liability. " We are not at liberty to revise while

professing to construe." (*Graf* v. *Hope Building Corp.*, 254 N. Y. 1, 4.) On the other hand, the contract should not be given such a strict and literal construction as to deny its benefits to an assured whose disability may have reduced his capacity for work to a type of possible employment far below, and entirely out of line with, the usual forms of gainful occupations.

We propose to construe the contract reasonably and to give it practical application. Accordingly we rule that the total disability contemplated by the particular group policy of insurance before us which would justify recovery thereunder is such an infirmity from bodily injuries or disease as will continuously prevent the assured, for the remainder of his life, from engaging in any of the common forms of employment for wage or profit for which he is reasonably qualified.

Tested by such a rule the record does not justify plaintiffs' recovery. In the original proof of claim filed more than a year after the assured's injury his physician was unable to state how long total disability would continue; nor could he give an opinion when the assured would be able to return to work. Answering the question, " Do you believe the disability will be permanent? " the same physician stated, " Partially — right knee is ankylosed." More than two years later, in the course of the trial of this action, the assured offered the testimony of his surgeon who stated his opinion to be that the operation he had performed upon the right knee would accomplish the stiffening of the joint which was the objective. He would make no prognosis whether the tubercular condition at the point of the knee would recur. When asked upon direct examination whether in his opinion there was reasonable certainty that in the future the assured would be physically able to do the work of a salesman involving soliciting orders by the use of an automobile, going up and down stairs at factories, carrying heavy goods and at times mounting a stepladder to remove goods from shelves, the surgeon stated: " A. I would answer it this way, that the condition of the knee, in case that there should be a cure, would incapacitate him from climbing stairs with the agility that a normal person would. In other words, that he would do it with difficulty; that it would be rather awkward and impractical to get in and out of an automobile; that he could not undertake any excessive walking or standing. But the carrying of weights, heavy weights, I don't think the condition of his knee would interfere with that, only as it was carried under the circumstances I have just described."

This evidence does not indicate such a total and permanent disability as is contemplated by the insurance policy which is the basis of plaintiffs' action. The proof of disability filed by the assured

with the defendant insurer did not meet the requirement of the policy so as to entitle him to its benefits; nor did the proof submitted upon the trial to enforce his claim establish that the assured is so disabled as to " permanently, continuously and wholly " prevent him " for life from engaging in any occupation or employment for wage or profit." A permanently stiffened right knee will undoubtedly reduce his capacity for work and will limit the field of his endeavors. But, despite his proven disability, an earning capacity remains to him in common forms of employment in which he is reasonably qualified to engage. (*Garms* v. *Travelers Ins. Co.*, 242 App. Div. 230; affd., 266 N. Y. 446; *Ginell* v. *Prudential Ins. Co.*, 205 App. Div. 494; revd. on dissenting opinion of VAN KIRK, J., 237 N. Y. 554; *Metropolitan Life Ins. Co.* v. *Foster*, 67 F. [2d] 264; *Miller* v. *United States*, 71 id. 361; *United States* v. *Tate*, 75 id. 822.)

In view of the conclusion we have reached we may disregard other points urged by the appellant.

The judgment from which appeal is taken should be reversed on the law and facts, with costs, and the complaint dismissed, with costs. Certain findings of fact and conclusions of law are disapproved and reversed and a new conclusion made.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed without prejudice, with costs. Certain findings of fact disapproved and reversed and new conclusion of law made.