ABRAHAM GOLDSTEIN, Respondent, *v.* CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellant.

ABRAHAM GOLDSTEIN, Respondent, *v.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Appellant.

ABRAHAM GOLDSTEIN, Respondent, *v.* THE FIDELITY MUTUAL LIFE INSURANCE COMPANY, Appellant.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion.

McNAMEE, J. (dissenting). The nature of the action is clearly that of one at law, and not that of a suit in equity; but proper facts were pleaded to warrant a recovery at common law, and the allegations that gave the action the form of a suit in equity may be disregarded as surplusage, the question not having been raised by the answer.

On the trial the court defined " total and permanent disability " in its charge to the jury, also when it submitted a single question for decision by the jury, and again in its formal findings. In its charge the court defined this condition as one which rendered the plaintiff " unable to carry on any of the occupations in which he has been trained and worked during all his working life, or occupations of the same general character in which he may be gainfully employed during the remainder of his working life." The same definition of this condition is found in the findings upon which the judgment was based. Due exception was taken both to the charge and to the finding.

In my judgment the principle thus enunciated to the jury, and upon which the court rendered its decision, is not in harmony with the spirit or the letter of the policy. The policy provides for monthly payments to the plaintiff, and for a waiver of premiums, when the plaintiff shall " become totally disabled by bodily injury or disease so as to be prevented thereby from engaging in any occupation or business and from performing any work for compensation, gain or profit; " and again it provides for such payments and such waiver when the plaintiff " has become wholly and permanently disabled so that he is and will be permanently, continuously and wholly prevented thereby from performing any work or engaging in any occupation for compensation or profit."

The court submitted to the jury the question whether the plaintiff was disabled from carrying on occupations " in which he had been trained and working during all his working life, or those of the same general character," and decided the case on that principle. That principle reduced the policy from one of protection against total, continuous and permanent disability, to one of occupational insurance, or insurance covering occupations restricted in character and limited in number. It altered the coverage of the policy from one of protection against disability that would prevent any work or the engagement in any business for

compensation or profit, to one of protection against disability to pursue one's usual occupation, or an occupation of the same general character. Under such a definition, if a pianist or a violinist were to lose his first and second fingers of his left hand, and thereby be unable to play the instrument for which he was trained and which he had played for years, he would be " totally and permanently disabled to perform any work." This would amount to a disregard of the fact that he might become a cornetist, a photographer, a critic, a theatre manager, or pursue any other employment differing from his previous training and pursuit. The finding upon which the court below based its decision was not one of total disability in its common acceptation; in fact, it was not total disability at all, but partial disability. The question submitted and the principle on which the case was decided were clearly wrong; and the judgments should be reversed.