MAX FRANKEL, Respondent, v. CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Appellant.— Defendant has appealed from a judgment directing specific performance of two insurance policies issued by it to plaintiff, which judgment also directed the payment to plaintiff of accrued disability benefits. The action was brought to enforce the provisions of these insurance policies which relate to total and permanent disability benefits and waiver of premiums, such provisions being to the effect that if the insured " becomes totally and permanently disabled as hereinafter defined, by bodily injury or disease occurring after the date on which this insurance takes effect, the Company will pay to the insured indemnity at the rate of $50 per month as long as the insured lives and remains so disabled.  *  *  * The term ' Total and Permanent Disability ' as used herein is defined as follows: A. Disability which wholly and continuously prevents the Insured and presumably will during his entire life prevent him from engaging in any occupation or employment for wage or profit, or B. Disability which wholly and continuously prevents the Insured from engaging in any occupation or employment for wage or profit and shall have continuously so disabled the insured for a period of not less than fourteen days." In his complaint plaintiff alleged that he became totally and permanently disabled on December 10, 1934, and that defendant has refused to pay disability benefits since July 18, 1935. He demanded judgment for the payment of the benefits accrued and also for a decree directing defendant to specifically perform the contract. Defendant denied the material allegations of the complaint. On the trial the court directed that a jury be impanelled and sub-

mitted to it the following question: " Has the plaintiff since December 10, 1934, been totally and permanently disabled so as to prevent him from engaging in his usual occupation or performing any work for which he is reasonably fitted? " The jury answered this question in the affirmative and the court adopted the finding as its own. The question submitted to the jury is simply one of fact. The plaintiff produced medical testimony establishing that he is totally and permanently disabled and that he has been so disabled since December 10, 1934. While defendant produced medical testimony to the contrary, the jury accepted plaintiff's version on a plain question of fact. We are unable to say that such verdict and finding of the court are against the weight of the evidence. (*Goldstein* v, *Conn. Gen. Life Ins. Co.*, 248 App. Div. 790; *Skulsky* v. *Metropolitan Life Ins. Co.*, 241 id. 895.) Defendant questions the right of plaintiff to specific performance of the provisions of the policies relating to payment of future disability benefits and waiver of premiums. Neither in its pleading nor on the trial did defendant make the contention that the action was not maintainable on the equitable side of the court. Furthermore the trial court had protected the rights of defendant in this respect by incorporating in the judgment the following provision: " 5. That plaintiff, in accordance with the terms and provisions of the said policies, shall continue to furnish to the defendant proof of the continuance of such total and permanent disability and submit to examination in the manner contained in said policies, and that on recovery of the plaintiff from said total and permanent disability the defendant may reopen the case for the submission of proof of the plaintiff's recovery." Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.