SALIG A. WALDMAN, Respondent, *v.* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

Second Department, November 12, 1937.

Louis W. Dawson [John G. Kelly with him on the brief], for the appellant.

Edward Aksel, for the respondent.

ADEL, J.   The order under review affirms a judgment of the Municipal Court of the City of New York, Borough of Queens, awarding monthly disability benefit payments to an assured under two policies of life insurance and a refund of a quarterly premium under the waiver of premium clause in a third policy.   In two of the policies the insurer agrees that upon proof that the insured is totally and permanently disabled, it will pay the insured a stipulated monthly income.   The other policy contains a provision only for waiver of payment of premiums.

Total disability is defined in the respective policies as follows: " If the Insured   *   *   *   shall   *   *   *   furnish due proof to the Company at its Home Office   *   *   *   that he has become totally and permanently disabled by bodily injury or disease, so that he is, and will be, permanently, continuously and *wholly prevented thereby from performing any work for compensation, gain or profit, and from following any gainful occupation,*   *   *   *   the Company, upon receipt and approval of such proof, will grant the following benefits:   *   *   *   Disability shall be considered total when there is any impairment of mind or body *which continuously renders it impossible for the Insured to follow a gainful occupation.*" The sole issue presented was whether or not the plaintiff was totally and permanently disabled within the meaning of the policies. This disputed question of fact was resolved against the insurance company by the jury upon evidence which amply supports the finding.   However, the trial court in submitting the case to the jury charged that the plaintiff must show by a fair preponderance of the evidence " that he was totally and permanently disabled from carrying on the occupation in which he had been trained and

worked during his working life, namely, the general insurance business, or employment in work of the same general character where he could be gainfully employed in an occupation reasonably comparable in type and remuneration to that in which he was employed at the time of this disease that he complains about that has totally and permanently disabled him."

Defendant duly excepted to that portion of the charge, and in that connection we are called upon to determine its effect and the correct interpretation of the language in the policies providing for benefits as a consequence of disability. Insurance of this kind usually falls into two classes. One may be termed occupational and the other general. The one undertakes specifically to insure only against disability to transact the duties pertaining to, or to perform labor in, a particular occupation — usually that in which the person insured is at the time, or customarily, engaged. The other undertakes to insure against disability from performing any sort of remunerative labor.

In my opinion the charge was erroneous. The court submitted to the jury the question whether the plaintiff was disabled from carrying on " the occupation in which he had been trained and worked during his working life, namely, the general insurance business, or employment in work of the same general character," and it was left to the jury to decide the case on that principle. That changed the policies from protection against total permanent disability to occupational insurance covering occupations restricted in character and limited in number. It altered the coverage of the policies from one of protection against disability that would prevent the insured from performing any work for compensation, gain or profit, and from following any gainful occupation, to one of protection against disability to pursue one's usual occupation, or an occupation of the same general character.

These contracts should be construed reasonably and given a practical application. (*Williams* v. *John Hancock Mutual Life Ins. Co.*, 245 App. Div. 585.) It may be that a different rule is applicable in the case of mutual benefit societies, where the element of benevolence, charity and fraternity is involved, and where the rule may be more liberal.

The total disability contemplated by the particular policies of insurance before this court which would justify recovery thereunder is an infirmity from bodily injury or disease that prevents the insured from following *any* substantial or remunerative occupation, or from doing *any* labor for which he is fitted or qualified, mentally and physically, and by which he is able to earn a livelihood. This was the test laid down by the Court of Appeals of Kentucky

in *Prudential Ins. Co. of America* v. *Harris* (254 Ky. 23; 70 S. W. [2d] 949), with which this court is in accord. It is supported by the decisions in *Atlantic Life Ins. Co.* v. *Worley* (161 Va. 951; 172 S. E. 168); *White* v. *Ætna Life Ins. Co.* ([W. Va.] 185 S. E. 236, not officially published); *Metropolitan Life Ins. Co.* v. *Foster* (67 F. [2d] 264); *Cooper* v. *Metropolitan Life Ins. Co.* (317 Penn. St. 405; 177 A. 43); *Williams* v. *John Hancock Mutual Life Ins. Co.* (245 App. Div. 585); *Garms* v. *Travelers Ins. Co.* (242 id. 230; affd., 266 N. Y. 446); *Finkelstein* v. *John Hancock Mut. Life Ins. Co.* (247 App. Div. 74); *Muzio* v. *Metropolitan Life Ins. Co.* (249 id. 177).

The decision of this court in *Arico* v. *Prudential Insurance Co.* (241 App. Div. 826) was predicated on a record of an inconclusive character and was to the effect that a more complete showing of the facts was necessary. It is to be confined to the particular facts involved there.

The order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, in favor of plaintiff, should be reversed on the law and the facts, judgment of the Municipal Court vacated, and a new trial ordered, with costs in this court and in Appellate Term to abide the event.

CARSWELL, JOHNSTON and CLOSE, JJ., concur; DAVIS, J., concurs in result, with separate opinion.

DAVIS, J. I concur in the result. The language of insurance policies must be construed in the light of circumstances existing in particular cases. There can be no hard and fast rule of general application to the question of total and permanent disability. In practical application the terms are relative and in a measure elastic. (*Atlantic Life Ins. Co.* v. *Worley*, 161 Va. 951, 960; 172 S. E. 168.) In the cases of accident and health insurance, it is not necessary to show that a person is absolutely bedridden or permanently confined to a chair to constitute total disability. (*Metropolitan Life Ins. Co.* v. *Foster*, 67 F. [2d] 264, 266; *Phillips* v. *Mutual Life Ins. Co.*, [La. App.] 155 So. 487; *Mutual Life Ins. Co.* v. *Beckmann*, 261 Ky. 286; 87 S. W. [2d] 602.)

Here the language was that the insured must be " continuously and wholly prevented * * * from performing any work for compensation, gain or profit, and from following any gainful occupation " in order to recover benefits; and, further, total disability was defined as " any impairment of mind or body which continuously renders it impossible for the Insured to follow a gainful occupation." These words, chosen by the insurer, must be interpreted in the light of reason. If the insurer intended to limit its liability to one who was entirely unable to function physically or whose

mind was so impaired that any intellectual work was impossible, then the policies should so state in plain words. This would permit those seeking insurance to understand fully the contract tendered them. These policies are written generally for men of known occupations; and I regard it of little consequence in this case that sometimes the insurer issues policies for particular occupations involving special risks.

A lawyer, a physician, an educator or a clergyman would fail to appreciate the legal effect of a policy of the present type if it meant that no matter how serious the accident or disabling disease, perhaps resulting in loss of locomotion or of power to use the voice, or total loss of sight, they still might find remunerative employment as a night watchman or a laborer, or have ability to do some work with the hands while sitting paralyzed in a chair, and, therefore, could not recover under the terms of the policy because they might follow " a gainful occupation." In such cases the insurer would naturally construe the policy as furnishing security to a professional man to whom it offered a policy; and so the courts may construe it in other cases where in practical effect the insured has lost all opportunities of reasonably gainful employment.

The nature and extent of disablement and the ability to engage in gainful employment naturally present great variance in different cases. In the case under consideration, the plaintiff claimed he was afflicted with a heart ailment which was so disabling that he could follow no gainful employment for which he was fitted. For a time payments were made by defendant, but later discontinued. There was sharp dispute in the medical evidence as to whether he had any heart disease of a disabling nature, and, even if partly disabled, whether plaintiff could resume an occupation of the same or relatively similar nature for which he was physically or intellectually fitted. In part such evidence was admitted, but the trial justice excluded such evidence on cross-examination of plaintiff's medical witness, and, in part, on examination of defendant's medical witness. This constituted more serious error than that alleged to exist in the charge. The jury did not have all the facts before them in reaching a determination. The defendant should have been allowed wide latitude in making proof of plaintiff's physical condition and his ability to be gainfully employed.

In all cases the language of decisions on the subject must be read in the light of the proof of the particular cases. Sometimes it may be said as a matter of law that there is no total and permanent disability and that the insured is able to engage in some occupation for which he is reasonably fitted and for a compensation

reasonably comparable to that which he was receiving before he was partly disabled by accident or disease. (*Williams* v. *John Hancock Mutual Life Ins. Co.*, 245 App. Div. 585; *Garms* v. *Travelers Ins. Co.*, 242 id. 230; affd., 266 N. Y. 446.) At other times there may be presented a question of fact. (*Turczynski* v. *John Hancock Mutual Life Ins. Co.*, 245 App. Div. 903; affd., 271 N. Y. 573.) The instruction to be given to the jury must be something more than abstract rules of the usual character lifted bodily from opinions dealing with cases of a different type.

The rule in the majority opinion, formulated from the authorities cited, may be useful in a general way but it is not one of absolute application to every conceivable case, as will no doubt be discovered in practice. In so far as the opinion states or implies that the rule justifies the strict and limited application of the language of the policy so as to prevent recovery by one so disabled that he must accept employment of any nature, I disagree.

The *Arico* case (241 App. Div. 826) states the correct rule as applied to the facts presented there. It may not be applicable to other states of facts. There must be discrimination in the application of any general rule to the particular facts of each litigated case.

Order of Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, reversed on the law and the facts, judgment of the Municipal Court vacated, and a new trial ordered, with costs in this court and in the Appellate Term to abide the event.