HATTIE SCHRAGE, Plaintiff, v. HARRY G. DORAN BUILDING CORPORATION, Defendant.— Submission of a controversy upon an agreed statement of facts, pursuant to sections 546–548 of the Civil Practice Act. The question to be determined is: " At the time of the making of the deed aforesaid from the defendant to the plaintiff, was the premises so conveyed, or any part thereof, subject to any covenants or restrictions against the erection or maintenance of an apartment house or tenement house, other than those specified in said deed? " In accordance with the stipulation, judgment is rendered in favor of the plaintiff, declaring that there has been a breach of the covenant in said deed against encumbrances and that plaintiff is entitled to a rescission, without costs. The parties concede that the only question at issue is whether or not a time limitation set forth in the first and second of two paragraphs dealing with restrictions governs those set forth in the third and fourth paragraphs, inclusive of one prohibiting the erection of an apartment house. We are of opinion that the time limitation is without application to the subsequent restriction. (Weed on Practical Real Estate Law [2d ed.], p. 886.) The restrictions, considered as a whole, left the subsequent owner free to use the property for any purpose after January 1, 1920, save for those prohibited in the third and fourth paragraphs dealing with restrictions which run without time limitation. Lazansky, P. J., Hagarty, Carswell and Taylor, JJ., concur; Adel, J., dissents and votes to direct judgment in favor of the defendant, with the following memorandum: The restrictions, considered as a whole, should be interpreted with a view of determining the intention of the parties from the language used. Clearly a plan is set forth to limit the use of the property prior to January 1, 1920, to buildings for residential purposes on plots of not less than forty feet frontage with a setback of at least twenty feet, and, after that date, to permit the erection of any other type of building provided it costs not less than $3,500 in some cases and $2,500 in others. I do not believe it was the intention of the parties to permit after January 1, 1920, the erection of any kind of building anywhere on the lot to be used for any purpose except as a tenement house. That seems to be the effect of the determination about to be made. With that conclusion I do not agree. I think the judgment should be for the defendant.

HENRY SCHWENK, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— Judgment in favor of the plaintiff in an action brought to recover disability benefits pursuant to the terms of certain policies of life insurance issued by the defendant reversed on the law, with costs, and the complaint dismissed, with costs. In our opinion the plaintiff failed to establish by a fair preponderance of evidence that the disease from which he alleged he was suffering totally disabled him within the definition contained in any of the policies. (Waldman v. Mutual Life Insurance Co. of New York, 252 App. Div. 448; Prudential Ins. Co. of America v. Harris, 254 Ky. 23; 70 S. W. [2d] 949; Elenberg v. Metropolitan Life Ins. Co., 251 App. Div. 443; Luftig v. Travelers Insurance Company [Nos. 1, 2], 253 id. 538.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.