DANIEL D. STEINBECK, Respondent, v. CAMARCO CONTRACTORS, INC., Appellant.— Action brought to recover damages for an alleged breach of contract, by the terms of which the defendant agreed to construct a dam on property occupied by the plaintiff. Judgment in favor of the plaintiff, entered upon the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

SAMUEL L. WALDBAUM, Appellant, v. RITE-CAPITAL PLEATING & STITCHING Co., INC., and MICHAEL B. KAPLAN, Respondents.— Action against the maker and indorser of a series of promissory notes. The plaintiff had judgment in the Municipal Court. The Appellate Term reversed that judgment and dismissed the complaint. Order of the Appellate Term unanimously affirmed, with costs. (See Phillips v. Grossman, 76 Misc. 497.) Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

THURLOW W. WATERS, Respondent, v. BROOKLYN BUS CORPORATION, Appellant. — Action to recover damages for personal injuries sustained by plaintiff when he was struck by a bus operated by the defendant corporation. Judgment reversed on the facts and a new trial granted, costs to appellant to abide the event. The determination of the jury was against the weight of the evidence. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.

BUDD S. WEISSER, Respondent, v. THE TRAVELERS INSURANCE COMPANY, Appellant.— In an action to recover benefits provided for in two policies of insurance in the event that the insured became wholly disabled by bodily injuries or disease and would be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, judgment unanimously affirmed, with costs. The proof established, in our opinion, that the presence and subsequent removal of a tumor of the glioma type from the brain of the insured impaired his judgment and rendered him somewhat irrational to such an extent that he is unable to perform services of the type required in commonly accepted occupations or forms of employment. (Waldman v. Mutual Life Insurance Co. of New York, 252 App. Div. 448; Williams v. John Hancock Mut. Life Ins. Co., 245 id. 585; Shabotzky v. Equitable Life Assurance Society, 257 id. 257.) It was shown moreover that emotional, mental or physical strain on the part of plaintiff is dangerous in that a hemorrhage might result therefrom. Hagarty, Johnston, Taylor and Close, JJ.,concur; Lazansky, P. J., concurs in result.

JAMES WILLIAMS and DONNIE WOODART WILLIAMS, Respondents, v. BERNARD F. McCALL and Another, Defendants, and RALPH T. B. TODD and MARGARET W. G. TODD, Appellants.— In an action for false imprisonment the plaintiffs have recovered verdicts of $750 each. Judgment of the City Court of Yonkers unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

ROBERT ZEHMISCH, Appellant, v. ENDURO SANDWICH SHOPPE, INC., Respondent.— In an action to recover damages for personal injuries alleged to have been sustained as the result of defendant's negligence in maintaining a wet and slippery floor in its restaurant, order setting aside a verdict for plaintiff and granting a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.