In an action to recover under policies of insurance providing for payment of benefits upon proof of total disability, as defined, judgment, entered on the verdict of a jury in favor of respondent, reversed on the law and the facts, and a new trial granted, costs to abide the event. The respondent’s evidence of a heart disease and total disability within the meaning of the policies is, eoneededly, contrary to all objective tests relied on generally in the medical profession; and if such conditions exist they are proved merely by the opinions of medical men, based on a history of pain suffered by respondent and the history of the physical conditions of the members of respondent’s family. One of the experts who gave such opinion admitted that he recommends continuance of work for patients suffering the condition which he ascribes to respondent. Since the time of the claimed disability, respondent has continued to drive an automobile on the streets of Brooklyn and elsewhere, and has engaged in other activities, although without compensation. Because of such nature of the evidence, trial errors may not be lightly disregarded. The statement in the instructions to the jury at folio 1050, referring to the ability to earn the same kind of living, in the same manner as prior to the claimed disability, as well as other lesser statements to similar effect, were erroneous, and may have caused the jury to return a verdict upon a basis of coverage not provided by the policies. (Waldman v. Mutual Life Ins. Co., 252 App. Div. 448.) The different obligation under the health and accident policy, in respect of fifty-two weeks’ indemnity, should have been more fully explained than was done. Nolan, P. J., Adel, Sneed and MacCrate, JJ., concur; Johnston, J., dissents and votes to affirm, with the following memorandum. The evidence amply supports the verdict in favor of plaintiff. Although all objective tests to which plaintiff was subjected to determine whether he was suffering from angina pectoris were negative, defendant’s experts admitted (1) that 25% of angina cases show an apparently normal heart by all methods of examination; (2) that a person could have anginal pains sufficient to cause the stoppage of work and yet there would be nothing abnormal found on physical examination. The expert to whom the majority of the court refers as having admitted that he recommends continuance of work for angina patients specifically limited that recommendation to those who can work without giving rise to symptoms. However, plaintiff testified that, although he has not worked since July, 1948, he has had angina attacks, sometimes four or five a day, up to the present time. Even defendant’s experts admitted that under those circumstances plaintiff should stop work. The jury had the right to credit plaintiff’s proof. Defendant has, in effect, admitted that the verdict is in accord with the weight of the evidence by not arguing to the contrary. This evidence shows that plaintiff was permanently and totally disabled as defined in the policies. It is, therefore, unnecessary to determine whether the definition formulated by the trial court accurately explained the language of the policies. (Goldstein v. Connecticut Gen. Life *933 Ins. Co., 273 N. Y. 578.) However, assuming that the one sentence at folio 1050 on which the majority rely for reversal, when isolated from the context is technically erroneous, a new trial should not be granted on that ground because (1) concededly, that sentence was interwoven with other correct definitions of total disability as approved in Goldstein v. Connecticut Gen. Life Ins. Co. (248 App. Div. 790, affid. 273 N. Y. 578); Turczynski v. John Hancock Mut. Life Ins. Co. (271 N. Y. 573), and Williams V. John Hancock Mut. Life Ins. Co. (245 App. Div. 585, 587), and the jury could not have been misled by the detached sentence, the charge as a whole having conveyed to the jury the correct rule of law on the question at hand (Small v. Housman, 220 N. Y. 504; Losee V. Buchanan, 51 N. Y. 476, 492; Sperry v. Miller, 16 N. Y. 407, 412); (2) if the language employed is capable of different constructions, that construction should be adopted which will lead to an affirmance of the judgment. (Caldwell v. New Jersey Steamboat Co., 47 N. Y. 282, 286.) The other “lesser statements to similar effect” to which the majority refers, were merely statements by the court of plaintiff’s claims and did not constitute a charge as to what plaintiff was required to prove in order to reduce- his claim to judgment.