Frederic T. Henry, J.
On February 14, 1958, tbe defendant purchased a single residence house and lot on Oliver Street, in the City of Rochester, for the purpose of converting it to an eight-unit multiple dwelling. On March 6, 1958, he was advised by plaintiffs’ attorney by letter of the existence of restrictions against .such use of his property and was called upon to cease and desist from any violation thereof. Despite the notice, the defendant continued with the conversion of the building. The plaintiffs, owners of property on Oliver Street, thereupon brought this action for an injunction. The restrictive covenants in question are as follows: ‘ ‘ That no manufactory, store or business place of any kind shall be conducted on or maintained on any of said premises for a period of fifty years from date and no place for the manufacture or sale of intoxicating liquors shall ever be maintained on any of said lots and the dwelling houses which shall be erected on any of said lots shall be used for single residences for separate housekeeping, except that a two family house maybe erected on lot ten (10).”
In 1894, L. Douglas Ely became the owner of land on the west side of Oliver Street, extending from East Avenue to University Avenue. A subdivision map was filed in 1902 showing a division of the property into 10 lots. Lot 1 was conveyed without restrictions. Lots 3, 4 and 5 were conveyed by Ely subject to the first two restrictions quoted above, that is, against commercial use for 50 years and against manufacture or sale of intoxicating liquors ever. Thereafter in 1908, Ely conveyed Lots 6, 7, 8, 9 and 10 subject to the same restrictions' which he had imposed on Lots 3, 4 and 5 and added a further restriction that the houses to be erected on the lots (except Lot 10) be used only for single residences. The grantor then owned Lot 2, which was 180 feet south of the lots conveyed and was benefited by the restrictions. Such restrictions ran with the land conveyed in favor of the grantor, his heirs and assigns, including the plaintiff Holloran, who now owns Lot 2. The restrictions so imposed on Lots 6, 7, 8, 9 and 10 constituted a general scheme for the improvement and development of such lots, which may be enforced by the owner of any of such lots against the owner of any other of such lots, unless such owner is estopped therefrom by his own violations of the covenants. The plaintiff, Forbes, and his wife, own Lot 7. They have, from time to time, rented rooms and have provided breakfast for roomers. They have not thereby used their property for other than a single residence for separate house *873 keeping. They have not violated the restrictions and are not estopped from enforcing the same.
The defendant is the owner of Lot 6, which was conveyed to him subject “to covenants, easements and restrictions of record.” Since no time limit was expressly stated for the restriction against multiple dwellings, the court must determine whether that restriction terminated at the end of 50 years with the restrictions against manufacturing, store or business use, or whether it continues indefinitely as does the restriction against the manufacture or sale of intoxicating liquors.
Subdivision 3 of section 240 of the Real Property Law provides: “ Every instrument creating, transferring, assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law ”. The law favors the unrestricted use of property and will construe a restriction of doubtful clarity against the grantor who imposed it and those who seek to extend it. (Premium Point Park Assn. v. Polar Bar, 306 N. Y. 507; Single v. Whitmore, 307 N. Y. 575.) “In the construction of written contract’s it is the duty of the court, as near as may be, to place itself in the situation of the parties, and from a consideration of the surrounding circumstances, the occasion and apparent object of the parties, to determine the meaning and intent of the language employed. Indeed, the great object, and practically the only foundation of rules for the construction of contracts, is to arrive at the intention of the parties. This is a most conspicuous and far-reaching-rule, and involves the nature of the instrument, the condition of the parties and the objects which they have in view, and when the intent is thus ascertained it is to be effectuated unless forbidden by law. Contracts are not to be interpreted by giving- a strict and rigid meaning to general words or expressions, without regard to the surrounding circumstances, or the apparent purpose which the parties sought to accomplish. {Gillet v. Bank of America, 160 N. Y. 549.) ” (Maloney v. Iroquois Brewing Co., 173 N. Y. 303, 310.)
In cases involving the duration of restrictive covenants where time limitations are stated for some but not for others, the courts have gone beyond the rules of grammatical construction to effectuate the intention of the parties considering the circumstances surrounding the parties and all the provisions of the instrument in which the restrictions are contained. (Matter of Welsh, 175 Mass. 68; Armstrong v. Griffin, *874 83 N. J. Eq. 599, affd. 84 N. J. Eq. 196; Dick v. Goldberg, 295 Ill. 86; Bresee v. Dunn, 178 Cal. 96; Schrage v. Doran Bldg. Corp., 257 App. Div. 1012, affd. 281 N. Y. 864; Mowbray-Tuttle Corp. v. Freistadt, 101 N. Y. S. 2d 806; Restatement, Property, § 554.)
In Matter of Welsh (175 Mass. 68, 69) the restriction in the deed was that the grantee “shall not for a period of ten years erect on the granted premises any building * * * [to] be used or occupied for any ” than certain purposes, “ and that no building, or part of any shall be erected within fifteen feet of the front line of each lot ’ ’. In holding that the restriction against building nearer than 15 feet to the street was limited to 10 years, the court said in an opinion by Chief Justice Holmes (pp. 70-71): “grammatically the limitation ‘ for a period of ten years ’ comes between the words ‘ shall not ’ and ‘ erect,’ and qualifies only a distinct restriction. But it seems * * # that the structure of the whole paragraph is too confused for the argument from grammar to be of much force; * * * it is rather to be inferred, looking at the restrictions all together, that the time limitation was intended to apply throughout; that at least the words are so doubtful that they should be taken most strongly against the grantor ”.
In Armstrong v. Griffin (83 N. J. Eq. 599, 600, affd. 94 N. J. Eq. 196) a deed contained the following covenant: “ That the party of the second part * * * shall not at any time previous to September 1st, 1903, erect, or cause * * * to be erected upon the said premises, any building other than a store or dwelling * * * which building shall not be used for any other purpose than as a store or dwelling, within the time above limited. That no dwelling shall be erected nearer than ten (10) feet to the street line. * * * No two-story clothes poles shall be erected on the said premises.
“It is expressly agreed, that no wines, beers nor liquors of any kind shall be sold or manufactured upon the said premises.”
The court in holding that the time limitation provided in the first covenant applied to all of them said (p. 602): “ The complainant says that the object of the restrictions was to create a neighborhood plan for residence purposes. I am satisfied that this is true; but of what value would such a plan be after the 1st of September, 1903, if any character of lawful building which the owner might see fit to construct could be erected upon the land. The owner might erect factories and other buildings which might be perfectly lawful and yet tend largely to depreciate the value of the surrounding property * * * and * * * destroy it for residential purposes.”
*875 In Dick v. Goldberg (295 Ill. 86, 88) the court construed a covenant that ‘ ‘ neither said party of the second part, nor her heirs, executors, administrators or assigns, shall build or cause to be built on said lot any building known as a flat or tenement building, hereby covenanting to erect thereon only a single private dwelling * * * f0r a period of twenty years from this date.”
In applying the 20-year limit to the provision against a flat or tenement building, the court said (pp. 90-99): “The appellants’ argument is * * * [t]hat the restriction against the erection of flat-buildings and tenements is perpetual, with an affirmative covenant that for twenty years only single buildings should be erected on each lot * * * that is, that the words ‘ for a period of twenty years’ qualify only the last clause of the paragraph, which covenants for the erection of a single private dwelling house. * * * The rules of grammatical construction will ordinarily be followed in ascertaining the meaning of the language of written instruments ; but the object of construction is to effectuate the intention of the parties, and the language must be considered in the light of the circumstances surrounding the parties and all the provisions of the instrument. * * # From a reading of the restrictions cited it is apparent that the intention was to limit the restrictions, in all their features, as to time. * * * At the expiration of twenty years, all building restrictions were gone except (if the contention of the appellants is sustained) as to the erection of an apartment building. The result would be that after the expiration of twenty years from the date of his deed the owner of any lot could erect upon it a building covering the entire lot or any number of small structures he might see fit and use them for any purpose he might desire. He might permit to be erected and used a church, a hospital, a moving picture theater, a garage, a grocery, a machine shop, junk shop, warehouse or meat market, but he could not build a flat or tenement building. It cannot be inferred that the grantors intended any such result. Rather, it seems more consistent with the whole of the instruments that the intention was to restrict the characer of buildings to be erected for a limited time to prevent the erection of flat or tenement buildings during that time. * * * Even if it were doubtful whether the restriction was to be perpetual or to cease at the expiration of twenty years, the doubt must be resolved against the restriction.”
*876 In Mowbray-Tuttle Corp. v. Freistadt (101 N. Y. S. 2d 806, supra) the conveyance contained five restrictive covenants which were to expire January 1, 1950, and a setback restriction for which no duration was stated. The court held that the time limitation applied to all covenants and followed the rule that when the language of restrictive covenants is capable of two constructions, the one that limits rather than extends should be adopted.
In Schrage v. Doran Bldg. Corp. (257 App. Div. 1012, affd. without opinion 281 N. Y. 864, supra) the specific time limitation contained in two paragraphs of the conveyance was held not to apply to additional restrictions contained in third and fourth paragraphs. The first two restrictions were a building setback line and a restriction against building for other than residential purposes both of which were limited to expire January 1, 1920. The two additional restrictions were one against erection of a tenement house and the second against use for certain designated business purposes and against any trade, manufacturing, business or calling which might in any way be dangerous, noxious, or offensive to the neighboring inhabitants. The decision in this instance is consistent with the general rule of construction codified by section 240 of the Beal Property Law. The apparent plan of the grantor in the Schrage case was to preserve the residential character of the neighborhood with a permitted small deterioration thereof after January 1, 1920, which would allow multiple occupancy but not downgrade the area by tenement or general commercial use. In the instant case, the reverse situation is presented. By the express provisions of the deed the prohibition against manufacturing and commercial use, except that relating to intoxicating liquors, was terminated 50 years after date. Of what benefit to the subdivision would be a restriction permitting only single-family residences if the property could be used for “ a moving picture theater, a garage, a grocery, a machine shop, junk shop, warehouse or meat market? ” (Dick v. Goldberg, 295 Ill. 86, 92, supra.)
The restriction is to be construed according to the intent of the parties at the time it was imposed, without regard to zoning ordinances which did not exist at that time. Accordingly, the court finds that the restriction against use other than single-family residence expired at the same time as that against a ‘ ‘ manufactory, store or business place of any kind ’ ’, viz., on September 15, 1958.
This action was commenced on March 12, 1958. The defendant thereafter continued conversion of his house to a multiple *877 family residence. On July 1, 1958, 2 of the 8 apartments were rented and the remaining 6 were rented shortly thereafter. He thereby violated the restriction as to use for a single residence from that time until its expiration on September 15, 1958. That time having passed before trial, a judgment for an injunction cannot be granted. ‘ ‘ Equity will administer such relief as the exigencies of the case demand at the close of the trial”. (Bloomquist v. Farson, 222 N. Y. 375, 380.)
The court has found plaintiffs’ proposed findings of fact, numbered 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 16, 17, 18 and has found defendant’s proposed findings of fact numbered 1, 2, 3, 4, 5 (as amd.), 6, 8, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, .37, 38, 39, 40, 41, 42, 43, 44. Otherwise, the proposed findings of fact of both parties are denied.
The defendant is entitled to judgment dismissing plaintiffs’ complaint, without costs.
The foregoing constitutes the decision of the court, in accordance with section 440 of the Civil Practice Act.
Let judgment enter accordingly.