Louis I. Kaplan, J.
The plaintiff, Samuel J. Littman, is a physician, duly qualified by the Regents of the State of New York to practice his profession. He is a member in good standing of the Medical Society of the County of New York and was such at all times during the terms of the policies of insurance which are the subject of the litigation herein.
The plaintiff applied for a policy of ‘ ‘ professional disability insurance ” issued by the defendant herein to members of the Medical Society of the County of New York, and was issued a policy bearing number P-357-657 on November 25, 1955. This policy provided for a monthly accident and sickness indemnity upon the total disability of the insured in the sum of $400 per month for a period of 24 consecutive months.
On or about September 29, 1962 the plaintiff sustained a loss of hearing in both ears and became totally disabled from performing any and every duty pertaining to his profession. The plaintiff- furnished the defendant with the' necessary proof of his disability. The defendant then made periodic payments under the terms of the policy, namely $400 per month for 24 consecutive months. The final payment was made to the plaintiff on or about October 20,1964.
The plaintiff made an application for an “ extended professional disability policy ” of insurance through the Medical Society of the County of New York and was issued a policy bearing number X-3-357-657, whose effective date was November 25, 1955. This policy contained the following provision:
‘ ‘ PART II. MONTHLY SICKNESS BENEFIT
“If ‘ such sickness ’ shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to his occupation or profession, and if the insured is under the regular care and attendance of a legally qualified physician or surgeon, other than himself, for twenty-four (24) consecutive months, the Company will pay periodically the Monthly Sickness Benefit, as written in the Policy Schedule, commencing on the first (1st) day of the Twenty-Fifth (25th) month of such total disability and for the period the Insured shall be wholly and continuously disabled from engaging in any gainful occupation for which the Insured is reasonably fitted or qualified and under the regular care and attendance of a legally qualified physician or surgeon, other than himself, but not to exceed Sixty (60) consecutive months as the result of any one sickness.”
This section of the extended professional disability policy is in dispute by both plaintiff and defendant, there being no dis *883 pute that the indemnity due under the first policy was properly due and in fact paid by the defendant herein.
The plaintiff contends that he is now entitled to the extended period of indemnification by reason of his total disability brought about by his loss of hearing in both ears, thus preventing him from engaging in gainful employment. The defendant contends that the plaintiff has not exhausted the fields for which he is qualified.
An examination of plaintiff’s Exhibit 1 shows a policy of insurance between Dr. Samuel Littman, insured, and the National Casualty Company. A further examination shows attached thereto and made a part thereof, the application for accident and health protection under the professional disability policy of the National Casualty Company, to be based upon the following representations: (1) the name, Samuel J. Littman, (2) the date of birth, (3) the residence, (4) the insured’s office address, and (5) “Are you a member of any professional society, and if so, give name ” and stated thereon, in printed type, “ Medical Society of the County of New York.” The court takes judicial notice that the Medical Society of the County of New York is a society specially established for doctors licensed to practice medicine in the State of New York.
An examination of plaintiff’s Exhibit 4 indicates a policy of insurance with extended coverage between the plaintiff and defendant with an application attached thereto offered to members of the Medical Society of the County of New York for extended professional disability insurance. An examination of the two policies of insurance indicates beyond any question that the policies are of a special kind and nature and are made available for doctors who are members of the medical society.
The letter in evidence by Dr. Julius W. Bell, to the underwriting agency for the insurance company relative to Dr. Samuel J. Littman, indicates clearly in the conclusions of said Dr. Bell that the claimant is totally disabled so far as general medical practice is concerned.
The letter of Dr. Nathan Adelman, likewise admitted in evidence, sets forth a professional opinion of the writer that said Dr. Littman is totally disabled from carrying on the general practice of medicine.
The plaintiff stated that he had attempted to retrain himself in allied specialties, and in fact did attend courses. He was unable to successfully complete his training due to the loss of hearing.
*884 There is no question that the plaintiff has, since the disability arose, been under the regular care and attendance of a legally qualified physician or surgeon other than himself. The issue before this court remains whether or not Dr. Samuel J. Littman can perform with reasonable fitness or qualification, “ any gainful occupation for which the Insured is reasonably fitted or qualified ’ ’.
Therefore, the court has a duty to interpret the particular language employed in this contract and ascertain the mutual intentions of the parties.
In Williams v. John Hancock Mut. Life Ins. Co. (245 App. Div. 585) the court was faced with the construction of a contract of disability insurance wherein the insured to recover had to show that he was “wholly prevented thereby for life from engaging in any occupation for wage or profit.” The court at page 587 stated: “'We propose to construe the contract reasonably and to give it practical application. Accordingly we rule that the total disability contemplated by the particular group policy of insurance before us Avhich would justify recovery thereunder is such an infirmity from bodily injuries or disease as will continuously prevent the assured, for the remainder of his life, from engaging in any of the common forms of employment for wage or profit for which he is reasonably qualified.”
The court in construing the contract of insurance must give meaning to the terms as would be given to them by the average man. The Court of Appeals in McGrail v. Equitable Life Assur. Soc. (292 N. Y. 419, 424) set forth the following: “ resort to a literal construction may not be had where the result would be to thwart the obvious and clearly expressed purpose which the parties intended to accomplish or where such a construction would lead to an obvious absurdity (case cited).”
In Shabotzky v. Equitable Life Assur. Soc. (257 App. Div. 257) the court was faced with a disability benefit provision to be paid in the event the insured was prevented from 1 ‘ engaging in any occupation or performing any work for compensation of financial value.” The court at page 260 commented as follows: c ‘ It has been repeatedly held in this jurisdiction that to recover under policies such as those before the court plaintiff must show his disability was such as to prevent him from engaging in any occupation or performing work for compensation of financial value [cases cited]. This does not mean an insured must be utterly helpless; this phrase is not absolute, but relative. At least it means the insured is unable to engage in a remunerative occupation as that phrase is ordinarily understood, or to do work in some profitable employment or enterprise.”
*885 The dispute between the parties is whether or not Dr. Samuel J. Littman can perform with reasonable fitness or qualification any other type of employment. These policies of disability insurance were written solely and exclusively for the members in good standing of the Medical Society of the County of Mew York. The defendant had knowledge and understanding that the said members were members of a particular group with special training and skill. The insurance company, together with the insured, intended this policy to be limited to that particular area of endeavor. This unique situation indicates clearly that the words ‘ ‘ any gainful occupation for which the Insured is reasonably fitted or qualified ” be limited to the allied fields in which the insured received training, in this particular case the allied medical fields.
The nature of the disability combined with the age and training of the plaintiff, plus the showing by the plaintiff that he made good faith attempts to retrain himself in other medical specialties, clearly indicates to the court that the plaintiff has satisfied the requirements of the extended professional disability contract.
This action was tried before the court, with a jury. At the conclusion of the entire case both sides moved for a directed verdict. The jury was thereafter excused and both sides were given an opportunity to present memorandums in support of their position.
There is no question to be resolved by the jury, and I find as a matter of law, that the plaintiff has from all the evidence in this case, complied with the terms and conditions of the aforesaid policy. The plaintiff is wholly and totally disabled from the continuation of the general practice of medicine as well as any of its allied fields. Accordingly, judgment is awarded to the plaintiff in the sum of $4,800, representing the amount currently due under the contract of insurance.